

**FILED**
**DEC - 6 2007**
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS, <br><br> Plaintiffs, <br><br> v. <br><br> HURON VALLEY GLASS COMPANY, L.L.C., a foreign limited liability company, <br><br> Defendant. | 07CV6873 <br> JUDGE LEFKOW <br> MAG. JUDGE MASON |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, **HURON VALLEY GLASS COMPANY L.L.C., a foreign limited liability company**, as follows:

### COUNT 1

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (a) as amended.

   (b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are the TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 FRINGE BENEFIT FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section

1132(d)(1).

(b)　　The Funds have been established pursuant to collective bargaining agreements previously entered into between the Glaziers Union Fringe Benefit Funds and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)　　The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.　　(a)　　Defendant, **HURON VALLEY GLASS COMPANY L.L.C.** ("**HURON**") is authorized to do business in Michigan and is an employer engaged in an industry affecting commerce.

5.　　Since on or about October 4, 2005, **HURON** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

6.　　By virtue of certain provisions contained in the collective bargaining agreements, **HURON** is bound by the Trust Agreement establishing the Funds.

7.　　Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **HURON** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Since before October 4, 2005, **HURON** has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

9. Plaintiffs are advised and believe that for **October 4, 2005 through the present,** **HURON** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE,** Plaintiff pray for relief as follows:

A. **HURON** be ordered to submit to an audit for **October 4, 2005 through the present.**

B. Judgment be entered against **HURON** and in favor of Plaintiffs, in the amount shown to be due under the audit.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D. **HURON** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE GLAZIERS, ARCHIECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS**

By: *[signature]*

One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

## ARTICLES OF AGREEMENT

ARTICLES OF AGREEMENT made this 22st day of July, 2005 by and between HURON VALLEY GLASS COMPANY, LLC, 5075 CARPENTER, YPSILANTI, MI 48197, (734)434-1160, and PAINTERS DISTRICT COUNCIL NO. 14 and its affiliate, GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27, CHICAGO AND VICINITY, of the International Union of Painters and Allied Trades, AFL-CIO (the "Union").

### ARTICLE 1

### PARTIES

Whenever the word "Association" is used herein, it shall mean the ASSOCIATION OF GLAZING CONTRACTORS and all of its members individually and collectively, whether now belonging to said Association or who may hereafter be admitted to membership. The members of said Association [and any other employer who is not a member of the Association but is otherwise bound by this Agreement] being sometimes hereinafter referred to as "Employer."

Whenever the word "Union" is used herein, it shall mean the PAINTERS DISTRICT COUNCIL NO. 14 and its affiliate, GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27, CHICAGO AND VICINITY, of the International Union of Painters and Allied Trades, AFL-CIO and all of the local unions affiliated therewith and all of the members thereof, individually and collectively bound hereafter, whether now members of said local unions or who may hereafter become members of said unions. The members of said unions being sometimes referred to hereinafter as "Employees."

### ARTICLE 2

### RECOGNITION -- UNION SHOP

**Section 1. Recognition of Union.** The Association and the employers it represents in bargaining and such other employers as may become members of the Association or who agree to be bound by the terms of this contract recognize the Union as the sole and exclusive bargaining agent for a unit of employees appropriate for bargaining within Section 9(a) of the National Labor Relations Act. The Association and the employers it represents in bargaining agree that this recognition is predicated on a clear showing of majority support indicated by bargaining unit employees without the need for a National Labor Relations Board certified election under Sections 9(a) and (c) of the Act, for the purpose of collective bargaining in respect to rates of pay, wages, hours of employment, employment practices, standards of workmanship, safety practices and other conditions of employment.

**Section 2. Recognition of Association.** (a) The Union recognizes the Association as the sole and exclusive bargaining agent of the Employer members of the Association and of such other

EXHIBIT A

IN WITNESS WHEREOF, said parties have to this Agreement, or by their representatives on their behalf, respectively, set their hands and seals.

W & G, Inc.

BY: *[signature]*
GEORGE STRIPP
(Please print name signed above)

PAINTERS DISTRICT COUNCIL NO. 14

By: *[signature]*
Terrence Fitzmaurice, Bus. Mgr./Secy Treas

GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NUMBER 27 CHICAGO AND VICINITY, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO

BY: *[signature]*
Michael Mabus, Business Representative

DATE: October 4, 2005

21