IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS,<br><br>Plaintiff,<br><br>v.<br><br>HURON VALLEY GLASS COMPANY, LLC, a Michigan limited liability company,<br><br>Defendants. | No.: 07 C 6873<br><br>Hon. Joan Humphrey Lefkow<br><br>Magistrate Judge Mason |

## MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

NOW COMES the Defendant, Huron Valley Glass Company, L.L.C., a Michigan Limited Liability Company ("Defendant"), by and through the undersigned counsel, and as and for its Memorandum of Law accompanying its Motion to Dismiss the First Amended Complaint of the Plaintiff, Trustees of the Glaziers, Architectural Metal and Glass Workers Local Union No. 27 Welfare and Pension Funds ("Plaintiff"), pursuant to Fed.R.Civ.P. 12(b)(6), states as follows:

I.    **SUMMARY OF ARGUMENT**

Defendant, Huron Valley Glass Company, L.L.C. ("Defendant") is a Michigan limited liability company. Plaintiff Trustees of the Glaziers Architectural Metal and Glass Workers Local Union No. 27 Welfare and Pension Funds ("Plaintiff"), filed suit against Defendant, claiming that by virtue of "alleged subcontracting activities", Defendant had incurred liabilities to the Plaintiff for required contributions under the collective bargaining agreements to which it

is a party. However, Plaintiff fails to attach a complete copy of the allegedly governing collective bargaining agreement to its Amended Complaint and has refused to file an amended pleading which incorporates the complete agreement so that a claim might be stated against Defendant. Accordingly, because there is lacking from the Amended Complaint sufficient facts which would put Defendant on notice of what it is called upon to answer, the Court should dismiss Plaintiff's Amended Complaint and require Plaintiff to replead.

**II.　ARGUMENT**

Plaintiff's Amended Complaint fails to state a viable claim for breach of contract against the Defendant and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Specifically, the Amended Complaint is based upon a portion of a collective bargaining agreement to which Defendant was not a party. Plaintiff has alleged that Defendant entered into successive bargaining agreements. *See,* Complaint at ¶ 5. Attempting to "elaborate" on the agreements upon which it relied for this proposition, Plaintiff's Amended Complaint refers to an exhibit, yet it fails to attach any. A true and correct copy of the Plaintiff's Amended Complaint is attached hereto and incorporated herein as **Exhibit A**. Defendant, in reviewing the amended pleading, made requests to Plaintiff to append a complete document to its pleading through a voluntary amendment, which requests were denied. Thus, as filed, the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) because Defendant is not given enough information upon which to base its defense.

The Amended Complaint includes only bare-bones allegations of the Plaintiff and does not establish required elements of a claim for breach of contract, as the pleading omits necessary facts which establish either acceptance, consideration or breach. The consideration of a motion to dismiss takes into account only the pleadings and any document attached thereto. *See, Scott v.*

*IndyMac Bank, FSB,* 2005 U.S. Dist. Lexis 6298 (N.D. Ill. 2005). Taking only the allegations as pled, this Court could not infer the existence of a contract to which Defendant is bound. Where documents are attached to a pleading, the document controls. *See generally, Business Systems Eng'g, Inc. v. IBM,* 2005 U.S. Dist. Lexis 14761 (N.D. Ill. 2005) (holding that a breach of contract claim would not lie because documents attached were not contracts).

Where as here, Plaintiff cannot satisfy federal pleading standards by attaching bare legal conclusions to narrated facts, which fail to outline the basis of his claim by its failure to attach the document which might shed light upon the allegations or at least plead its claim with more specificity, this Court should find that the standards for 12(b)(6) have been satisfied. *See, Allstate Life Ins. Co. v. Peoplesoft, Inc.,* 2004 U.S. Dist. Lexis 9457 (N.D. Ill. 2004). Moreover, Plaintiff has refused to voluntarily amend its pleading to incorporate the document upon which it relies to state its claim, thereby necessitating Defendant having to file its Motion to Dismiss.

### IV.  CONCLUSION

Plaintiff's Complaint, as Amended, is insufficient as a matter of law and cannot stand. Where as here, the has Amended Complaint fails to attach any documents which would shed light on the allegations within the Plaintiff's pleading, and the Amended Complaint fails to allege facts which sufficiently apprise Defendant of what it is called upon to answer, the requirements for 12(b)(6) have been met and this Court should dismiss the Amended Complaint.

**WHEREFORE**, the Defendant, Huron Valley Glass Company, L.L.C., respectfully requests this Honorable Court to find in its favor and against the Plaintiff, and grant its Motion pursuant to Fed.R.Civ.P. 12(b)(6), and dismiss the Plaintiff's Amended Complaint in addition to any other relief this Court deems just and proper.

Respectfully submitted,

**HURON VALLEY GLASS COMPANY,**
**LLC**, defendant,


By: /s/ Richard H. Chapman
　　　One of Its Attorneys


Richard H. Chapman (ARDC # 6183021)
Clark Hill PLC
150 N. Michigan Ave., 24th Floor
Chicago, IL 60601

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS,<br><br>Plaintiffs,<br><br>v.<br><br>HURON VALLEY GLASS COMPANY, L.L.C., a foreign limited liability company,<br><br>Defendant. | No. 07 C 6873<br><br>Judge Lefkow<br><br>Magistrate Judge Mason |

### AMENDED COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, **HURON VALLEY GLASS COMPANY L.L.C., a foreign limited liability company**, as follows:

### COUNT 1

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (a) as amended.

   (b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are the TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 FRINGE BENEFIT FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section


EXHIBIT A

1132(d)(1).

    (b)    The Funds have been established pursuant to collective bargaining agreements previously entered into between the Glaziers Union Fringe Benefit Funds and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

    (c)    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.    (a)    Defendant, **HURON VALLEY GLASS COMPANY L.L.C.** ("**HURON**") is authorized to do business in Michigan and is an employer engaged in an industry affecting commerce.

5.    Since on or about October 4, 2005, **HURON** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

6.    By virtue of certain provisions contained in the collective bargaining agreements, **HURON** is bound by the Trust Agreement establishing the Funds.

7.    Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **HURON** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8.  Since before October 4, 2005, **HURON** has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

9.  Plaintiffs are advised and believe that for **October 4, 2005 through the present, HURON** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

10. Plaintiffs are also advised and believe that defendant has violated the contractual subcontracting clause by recent job subcontracting.

**WHEREFORE,** Plaintiff pray for relief as follows:

A.  **HURON** be ordered to submit to an audit for **October 4, 2005 through the present**.

B.  Judgment be entered against **HURON** and in favor of Plaintiffs, in the amount shown to be due under the audit plus any amounts due based on the improper subcontracting.

C.  Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.  **HURON** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.  This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE GLAZIERS,
ARCHIECTURAL METAL AND
GLASS WORKERS LOCAL UNION
NO. 27 WELFARE AND
PENSION FUNDS**


By: s/ Donald D. Schwartz
    One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415