IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS,<br><br>        Plaintiffs,<br><br>v.<br><br>HURON VALLEY GLASS COMPANY, L.L.C., a foreign limited liability company, W & G, INC., GEORGE STRIPP, Individually and W & G, LLC<br><br>        Defendant. | No. 07 C 6873<br><br>Judge Lefkow<br><br>Magistrate Judge Mason |

## SECOND AMENDED COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, **HURON VALLEY GLASS COMPANY L.L.C., a foreign limited liability company, W & G, INC., and GEORGE STRIPP, Individually and W & G, LLC**, as follows:

### COUNT 1 – HURON VALLEY GLASS

1.    (a)   Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (a) as amended.

      (b)   Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.    Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.    (a)   The Plaintiffs in this count are the TRUSTEES OF THE GLAZIERS,

ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 FRINGE BENEFIT FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

　　　　(b)　　The Funds have been established pursuant to collective bargaining agreements previously entered into between the Glaziers Union Fringe Benefit Funds and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

　　　　(c)　　The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

　　4.　　(a)　　Defendant, **HURON VALLEY GLASS COMPANY L.L.C.** (**"HURON"**) is authorized to do business in Michigan and is an employer engaged in an industry affecting commerce.

　　5.　　Since on or about October 4, 2005, **HURON** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

　　6.　　By virtue of certain provisions contained in the collective bargaining agreements, **HURON** is bound by the Trust Agreement establishing the Funds.

　　7.　　Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **HURON** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all

necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8.  Since October 4, 2005, **HURON** has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

9.  Plaintiffs are advised and believe that for **October 4, 2005 through the present, HURON** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

10. Plaintiffs are also advised and believe that defendant has violated the contractual subcontracting clause by recent subcontracting to J & D Erectors.

**WHEREFORE,** Plaintiff pray for relief as follows:

A.  **HURON** be ordered to submit to an audit for **October 4, 2005 through the present**.

B.  Judgment be entered against **HURON** and in favor of Plaintiffs, in the amount shown to be due under the audit plus any amounts due based on the improper subcontracting.

C.  Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.  **HURON** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II – W & G, INC.

1-10 Plaintiffs repeat and reallege Paragraphs 1-10 of Count I as Paragraphs 1-10 of Count II.

11. **W & G, INC.** is a dissolved Michigan corporation.

12. **W & G, INC.** is liable under the Collective Bargaining Agreement entered into between Huron Valley Glass and the Union as **W & G, INC.'s** agent signed the Collective Bargaining Agreement.

13. **W & G, INC**. is liable for unpaid benefits for bargaining unit employees on the payroll of **HURON**, as **W & G, INC**. is the alter ego to **HURON** under the applicable labor relations theory in that:

   a. **GEORGE STRIPP and DENNIS AHERN** control(s)ed the labor relations policy making of both companies;

   b. The companies are interrelated and share common employees, equipment, materials and jobs in that **W & G, INC.** uses all of the foregoing which previously and/or currently were used by **HURON**;

   c. The companies share common management including **GEORGE STRIPP and DENNIS AHERN**, and

   d. On information and belief the companies share common ownership, i.e. **GEORGE STRIPP and DENNIS AHERN**.

14. By virtue of the foregoing, Plaintiffs have been damaged in an amount not presently ascertainable, but to be measured by the amount of benefits owed by **W & G, INC.** for

its employees and for benefits owed but not paid by subcontractor J & D Erectors.

WHEREFORE, Plaintiffs pray for relief as follows:

A.  **W & G, INC.** be ordered to submit to an audit for **October 4, 2005 to the present.**

B.  Judgment be entered in favor of Plaintiffs and against **W & G, INC.** in the amount of benefits owed but unpaid by **HURON** and **W & G, INC.**.

C.  Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.  **W & G, INC.** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.  This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT III – GEORGE STRIPP, Individually

1-14 Plaintiffs repeat and reallege Paragraphs 1-14 of Count II as Paragraphs 1-14 of Count III.

15.  **GEORGE STRIPP, Individually** is liable for unpaid benefits for bargaining unit employees on the payroll of **HURON** and **W & G, INC.** because he signed the union agreement when W & G, Inc. was a dissolved corporation.

WHEREFORE, Plaintiffs pray for relief as follows:

A.  Judgment be entered in favor of Plaintiffs and against **GEORGE STRIPP** in the amount of benefits owed but unpaid by **HURON, W & G, INC and subcontractor J & D**

**Erectors**.

B.  Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

C.  **W & G, INC** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

D.  This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT IV – W & G, LLC

1-10 Plaintiffs repeat and reallege Paragraphs 1-10 of Count I as Paragraphs 1-10 of Count IV.

11.  **W & G, LLC** is a Michigan limited liability corporation.

12.  **W & G, LLC** is liable under the Collective Bargaining Agreement signed by **HURON** and/or **W & G, INC.**, because **W & G, LLC** is the alter ego of **HURON** and/or **W & G, INC.** under the applicable labor relations theory in that:

a.  **GEORGE STRIPP and DENNIS AHERN** control(s)ed the labor relations policy making of both companies;

b.  The companies are interrelated and share common employees, equipment, materials and jobs in that **W & G, LLC** uses all of the foregoing which previously and/or currently were used by **HURON**;

c.  The companies share common management including **GEORGE STRIPP and DENNIS AHERN**, and

  d. On information and belief the companies share common ownership, i.e. **GEORGE STRIPP and DENNIS AHERN**.

  e. **W & G, LLC** pays payroll for employees on jobs contracted by **HURON**.

  13. By virtue of the foregoing, Plaintiffs have been damaged in an amount not presently ascertainable, but to be measured by the amount of benefits owed by **W & G, LLC** for its employees and for benefits owed but not paid by subcontractor J & D Erectors.

  WHEREFORE, Plaintiffs pray for relief as follows:

  A. **W & G, LLC** be ordered to submit to an audit for **October 4, 2005 to the present.**

  B. Judgment be entered in favor of Plaintiffs and against **W & G, LLC** in the amount of benefits owed but unpaid by **HURON** and **W & G, LLC** and subcontractor J & D Erectors.

  C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

  D. **W & G, LLC** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

  E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE GLAZIERS, ARCHIECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS**

By: <u>s/ Donald D. Schwartz</u>
    One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415