IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS,<br><br>Plaintiffs,<br><br>v.<br><br>HURON VALLEY GLASS COMPANY, L.L.C., a foreign limited liability company,<br><br>Defendant. | No. 07 C 6873<br><br>Judge Lefkow<br><br>Magistrate Judge Mason |

### DEFENDANT HURON VALLEY GLASS COMPANY, L.L.C.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

NOW COMES the Defendant, Huron Valley Glass Company, L.L.C. ("HVG"), by and through its undersigned counsel and for its Answer to the Plaintiff's Second Amended Complaint, Defendant HVG states as follows:

### COUNT 1

1.  (a)   Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (a) as amended.

**ANSWER:**

HVG admits the allegations of paragraph 1(a) of Plaintiffs' Second Amended Complaint.

(b)   Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

**ANSWER:**

HVG admits the allegations of paragraph 1(b) of Plaintiffs' Second Amended Complaint.

2.     Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

**ANSWER:**

HVG admits the allegations of paragraph 2 of Plaintiffs' Second Amended Complaint.

3. (a) The Plaintiffs in this count are the TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 FRINGE BENEFIT FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

**ANSWER:**

HVG admits the allegations of paragraph 3(a) of Plaintiffs' Second Amended Complaint.

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Glaziers Union Fringe Benefit Funds and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

**ANSWER:**

HVG admits the allegations of paragraph 3(b) of Plaintiffs' Second Amended Complaint, but denies that it is a member of any of the "certain employer associations" that are or may be the subject of the allegations of paragraph 3(b).

(c)  The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

**ANSWER:**

HVG admits the allegations of paragraph 3(c) of Plaintiffs' Second Amended Complaint.

4.  (a) Defendant, **HURON VALLEY GLASS COMPANY L.L.C.** (**"HURON"**) is authorized to do business in Michigan and is an employer engaged in an industry affecting commerce.

**ANSWER:**

HVG admits the allegations of paragraph 4(a) of Plaintiffs' Second Amended Complaint that is authorized to do business in the state of Michigan and that it is an employer whose activities may, from time to time, affect commerce.

5.  Since on or about October 4, 2005, **HURON** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

**ANSWER:**

HVG admits the allegations of paragraph 5 of Plaintiffs' Second Amended Complaint that on or about October 4, 2005 a collective bargaining agreement was entered into in which its name was included and that Exhibit A is a true and correct copy of that collective bargaining agreement. HVG denies the remaining allegations of paragraph 5 of Plaintiffs' Second Amended Complaint.

6. By virtue of certain provisions contained in the collective bargaining agreements, **HURON** is bound by the Trust Agreement establishing the Funds.

**ANSWER:**

HVG states that the Trust Agreement(s) is not attached to the Second Amended Complaint and, therefore, lacks information to admit or deny the allegations of paragraph 6 of Plaintiffs' Second Amended Complaint.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **HURON** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

**ANSWER:**

HVG states that the Trust Agreement(s) is not attached to the Second Amended Complaint and, therefore, lacks information to admit or deny the allegations of paragraph 7 of Plaintiffs' Second Amended Complaint.

8. Since before October 4, 2005, **HURON** has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

**ANSWER:**

HVG denies the allegations of paragraph 8 of Plaintiffs' Second Amended Complaint.

9. Plaintiffs are advised and believe that for **October 4, 2005 through the present**, **HURON** has failed to make some of the contributions from time to time required to be paid by it

4

to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**ANSWER:**

HVG denies the allegations of paragraph 9 of Plaintiffs' Second Amended Complaint.

10.　Plaintiffs are also advised and believe that defendant has violated the contractual subcontracting clause by recent job subcontracting to J & D Erectors.

**ANSWER:**

HVG denies the allegations of paragraph 10 of Plaintiffs' Second Amended Complaint.

**WHEREFORE,** the Defendant, Huron Valley Glass, L.L.C. respectfully requests this Honorable Court to find in its favor and against the Plaintiff, Trustees of the Glaziers Architectural Metal and Glass Workers Local Union No. 27 Welfare and Pension Funds, in addition to any other relief this Court deems just and proper.

## COUNTS II-IV

HVG makes does not answer Counts II through IV of Plaintiffs' Second Amended Complaint as those counts are not directed against it.

Richard H. Chapman (rchapman@clarkhill.com)
W. Kent Carter (wcarter@clarkhill.com
CLARK HILL PLC
150 N. Michigan Ave., 24th Floor
Chicago, IL 60601
312-985-5900
312-985-5999 (fax)

**HURON VALLEY GLASS COMPANY, LLC,** defendant,

By: /s/ Richard H. Chapman
　　　One of Its Attorneys