IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS,<br><br>           Plaintiffs<br>v.<br><br>HURON VALLEY GLASS COMPANY, L.L.C., a foreign limited liability company, W & G, INC., GEORGE STRIPP, individually, and W & G, LLC,<br><br>           Defendants. | No. 07 C 6873<br><br>Judge Joan Humphrey Lefkow<br><br>Magistrate Judge Mason |

### DEFENDANT W & G, LLC'S ANSWER
### TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES Defendant, W & G, LLC ("W & G"), by and through its attorneys and responds to the Second Amended Complaint of Plaintiffs, Trustees of the Glaziers, Architectural Metal and Glass Workers Local Union No. 27 Welfare and Pension Funds (the "Funds") as follows:

### COUNTS I, II, AND III

W & G makes no answer to the allegations of Count I, II, and III as the allegations of those Counts are not directed against it.

### COUNT IV – W & G, LLC

1.    (a)    Jurisdiction of this cause is based on Section 301 of the National Labor Relations act, 29 U.S.C. Section 185 as amended.

**ANSWER:** W & G admits the allegations of paragraph 1(a) of Plaintiffs' Second Amended Complaint.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

**ANSWER:** W & G admits the allegations of paragraph 1(b) of Plaintiffs' Second Amended Complaint.

2. Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

**ANSWER:** W & G admits the allegations of paragraph 2 of Plaintiffs' Second Amended Complaint.

3. (a) The Plaintiffs in this count are the TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 FRINGE BENEFIT FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

**ANSWER:** W & G admits the allegations of paragraph 3(a) of Plaintiffs' Second Amended Complaint.

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Glaziers Union Fringe Benefit Funds and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

**ANSWER:**   W & G admits the allegations of paragraph 3(b) of Plaintiffs' Second Amended Complaint, but denies that it is a member of any of the "certain employer associations" that are or may be the subject of the allegations of paragraph 3(b).

(c)   The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

**ANSWER:**   W & G admits the allegations of paragraph 3(c) of Plaintiffs' Second Amended Complaint.

4.   Defendant, HURON VALLEY GLASS COMPANY L.L.C. ("HURON") is authorized to do business in Michigan and is an employer engaged in an industry affecting commerce.

**ANSWER:**   W & G admits the allegations of paragraph 4(a) of Plaintiffs' Second Amended Complaint that Huron is authorized to do business in the state of Michigan and that it is an employer whose activities may, from time to time, affect commerce.

5.   Since on or about October 4, 2005, HURON has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

**ANSWER:**   W & G admits that on or about October 4, 2005 a collective bargaining agreement was entered into in which Huron's name was included and that Exhibit A is a true and correct copy of that collective bargaining agreement. W & G denies the remaining allegations of paragraph 5 of Plaintiffs' Second Amended Complaint.

6.   By virtue of certain provisions contained in the collective bargaining agreements, **HURON** is bound by the Trust Agreement establishing the Funds.

**ANSWER:** W & G states that the Trust Agreement(s) is not attached to the Second Amended Complaint and, therefore, lacks information to admit or deny the allegations of paragraph 6 of Plaintiffs' Second Amended Complaint.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, HURON is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

**ANSWER:** W & G states that the Trust Agreement(s) is not attached to the Second Amended Complaint and, therefore, lacks information to admit or deny the allegations of paragraph 7 of Plaintiffs' Second Amended Complaint.

8. Since before October 4, 2005, HURON has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

**ANSWER:** W & G denies the allegations of paragraph 8 of Plaintiffs' Second Amended Complaint.

9. Plaintiffs are advised and believe that for October 4, 2005 through the present, HURON has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**ANSWER:** W & G denies the allegations of paragraph 9 of Plaintiffs' Second Amended Complaint.

10. Plaintiffs are also advised and believe that defendant has violated the contractual subcontracting clause by recent job subcontracting to J & D Erectors.

**ANSWER:**   W & G denies the allegations of paragraph 10 of Plaintiffs' Second Amended Complaint.

11.   W & G, LLC is a Michigan limited liability corporation.

**ANSWER:**   W & G admits the allegations of Paragraph 11 of Plaintiffs' Second Amended Complaint.

12.   W & G, LLC is liable under the Collective Bargaining Agreement signed by HURON and/or W & G, INC., because W & G, LLC is the alter ego of HURON and/or W & G, INC. under the applicable labor relations theory in that:

(a)   GEORGE STRIPP and DENNIS AHERN control(s)ed the labor relations policy making of both companies;

**ANSWER:**   W & G denies the allegations of Paragraph 12(a) of Plaintiffs' Second Amended Complaint.

(b)   The companies are interrelated and share common employees, equipment, materials and jobs in that W & G, LLC uses all of the foregoing which previously and/or currently were used by HURON;

**ANSWER:**   W & G denies the allegations of Paragraph 12(b) of Plaintiffs' Second Amended Complaint.

(c)   The companies share common management including GEORGE STRIPP and DENNIS AHERN, and

**ANSWER:**   W & G denies the allegations of Paragraph 12(c) of Plaintiffs' Second Amended Complaint.

(d)   On information and belief the companies share common ownership, i.e. GEORGE STRIPP and DENNIS AHERN.

**ANSWER:**  W & G denies the allegations of Paragraph 12(d) of Plaintiffs' Second Amended Complaint.

    (e)    W & G, LLC pays payroll for employees on jobs contracted by HURON.

**ANSWER:**  W & G admits the allegations of Paragraph 12(e) of Plaintiffs' Second Amended Complaint that from time to time it has provided payroll services for Huron.

13.    By virtue of the foregoing, Plaintiffs have been damaged in an amount not presently ascertainable, but to be measured by the amount of benefits owed by W & G, LLC for its employees and for benefits owed but not paid by subcontractor J & D Erectors.

**ANSWER:**  W & G denies the allegations of Paragraph 13 of Plaintiffs' Second Amended Complaint.

WHEREFORE, Defendant, W&G, LLC denies that Plaintiffs are entitled to any judgment or recovery against W&G, LLC and, therefore, prays that judgment be entered in its favor and against Plaintiffs and that it be awarded its costs of suit sustained in defending this action and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**W & G, LLC**

By: /s/ Scott A. Ruksakiati
One of its Attorneys

Scott A. Ruksakiati
VANEK, VICKERS & MASINI, P.C.
Attorneys for Defendant W & G, LLC
111 South Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500