## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS, )<br><br>Plaintiffs )<br><br>v. )<br><br>HURON VALLEY GLASS COMPANY, L.L.C., a foreign limited liability company, W & G, INC., GEORGE STRIPP, individually, and W & G, LLC, )<br><br>Defendants. ) | No. 07 C 6873<br><br>Judge Joan Humphrey Lefkow<br><br>Magistrate Judge Mason |

## DEFENDANT GEORGE STRIPP'S MEMORANDUM IN SUPPORT OF HIS RULE 12(b)(6) MOTION TO DISMISS COUNT III OF PLAINTIFFS' SECOND AMENDED COMPLAINT

### I.

### INTRODUCTION

The Trustees of the Glaziers, Architectural Metal and Glass Workers Local Union No. 27 Welfare and Pensions Funds (the "Funds") have brought this ERISA collection action against defendant Huron Valley Glass Company, LLC ("Huron Valley")—the party with whom it alleges that it contracted. Beyond that, it has asserted a claim against Defendant George Stripp, individually, in Count III of the Second Amended Complaint because he signed a collective bargaining agreement that expressly identified the contracting parties as the Funds and Huron Valley. However, the claims the Funds assert against Stripp are insufficient as a matter of law as the Funds themselves acknowledge that Stripp was not the person with whom it contracted. Furthermore, Plaintiffs fail to allege any cognizable

legal theory which would subject Stripp to personal liability. As a result, Stripp requests that this Court dismiss Count III with prejudice.

## II.

### THE FACTS AS THE FUNDS HAVE ALLEGED THEM

The Funds allege facts which, when taken together with the documents attached to the Second Amended Complaint, show that no viable claim exists against Stripp. (A copy of the Second Amended Complaint is attached as Exhibit "A.") The Funds' claims arise out of the tender by the Glaziers, Architectural Metal and Glass Workers, Local Union 27 ("Glaziers' Union") of proposed "Articles of Agreement" to defendant, Huron Valley Glass Company, LLC ("Huron Valley") on or before July 22, 2005. The prefatory portion of the Articles of Agreement identifies the contracting parties as the Glaziers' Union and Huron Valley. That portion of the Articles of Agreement does not refer to either of Defendants George Stripp and W&G, Inc. (An executed copy of the July 22, 2005 Articles of Agreement is attached to the Second Amended Complaint as Exhibit 1.)[1]

On or about August 4, 2005, following the Glaziers' Union's initial tender of the Articles of Agreement to Huron Valley, its president, Vincent V. Klees, spoke with a Glaziers' Union business representative named Michael Mabus about Huron Valley's entry into the Articles of Agreement. (August 4, 2005 Letter from Klees to Mabus, Ex. 1, p. 22) Ultimately, on or after August 4th, Klees, in his capacity as Huron Valley's president, sent Mabus a letter requesting clarifications to, and potential modifications of the proposed Articles of Agreement. *Id.*

---

[1] Plaintiffs identify the Articles of Agreement in the Second Amended Complaint as "Exhibit 'A'" (Second Amended Complaint, Count I, ¶5) when in fact the actual Exhibit, as filed with the Court (Dkt. 25), was marked as Exhibit 1.

The August 4th letter shows that Huron Valley and the Glaziers were preparing to begin their relationship together, i.e., "[W]e await your response and look forward to a long and profitable relationship with Local 14." *Id.* Huron Valley had also apparently had a relationship with another Glaziers' Union local as Klees noted that Huron Valley's "field forces would be directed by men who are Cleveland Glaziers and will function as General Foremen." *Id.* Apparently, Huron Valley wanted to employ both members of the Glaziers' Union and "Ironworkers" raising the concern to Klees that: [W]e fear that by signing this agreement we will immediately be in default" and also noted that "[W]e cannot guarantee that the last sentence will be adhered to given the intentions expressed above." *Id.* In his August 4th letter, Klees never referred to any entity that would be entering into any agreement with the Glaziers' Union other than Huron Valley.

Approximately one week later, on August 11, 2005, Mabus, sent a letter back to Huron Valley's Klees responding to the issues raised in the August 4, 2007 Klees-Mabus letter. (August 11, 2005 Letter from Mabus to Klees, Ex. 1, pp. 23-25). In his August 11th letter, Mabus, too, notes that "[L]ocal 27 shares your desire for a 'long and profitable relationship.'" *Id.* at 25. Among other things, Mabus acknowledges Huron Valley's concern that using workers from two unions could put it in default of any agreement into which Huron Valley and the Glaziers' Union would enter noting:

> You have stated your intent to employ Glaziers and Ornamental Ironworkers. In the past other employers have utilized composite crew arrangements as a solution to potential jurisdictional disputes to perform all work under both agreements. Glaziers 27 would abide by such a work assignment provided the crew is composed of a minimum of 50% glaziers.

*Id.* at 23. Mabus closes his August 11th letter with "I hope with this information you will promptly sign our agreement. *Id.* at 25. The only "you" involved was Huron Valley.

3

During the following week, Klees and Mabus spoke again on August 16, 2005 concerning Huron Valley's entry into the Articles of Agreement. (Undated Letter from Mabus to Klees, Ex. 1, p. 26) On that same date or shortly thereafter, Mabus sent another letter to Huron Valley's Klees concerning final revisions to be made to the Articles of Agreement and purporting to amend his reference to the "composite crew" arrangements he had previously noted in this August 11th letter. *Id.* That letter, like the other two that preceded it refers to Huron Valley only.

Ultimately, the Funds allege that it and Huron Valley entered into the Articles of Agreement on October 5, 2005. (Ex. A, Count I, ¶5) The Funds do not claim that the Glaziers' Union entered into the Articles of Agreement with any other person or entity. After Huron Valley entered into the Articles of Agreement, the Funds further allege that Huron Valley "admitted, acknowledged and ratified the collective bargaining agreements [Articles of Agreement] entered into with the Union by: (a) filing periodic report forms with the Funds; and (b) by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements." (Ex. A, Count I, ¶8) The Union also alleges that Huron Valley violated the contractual subcontracting clause of the Articles of Agreement by "subcontracting to J & D Erectors." (Ex. A, Count I, ¶10) The Funds do not allege any involvement of Stripp or W & G, Inc.

Instead, the Funds allege the only party other than Huron Valley that should be liable to them based upon some specific action is W & G, LLC. (Ex. A, Count IV) Alleging that W & G, LLC is a Michigan limited liability corporation, the Funds claims that that entity is liable to them because it provides payroll services for jobs contracted by Huron Valley. (Ex. A, Count IV, ¶12.e.)

4

As to Stripp, the Funds claim that he is personally liable to them because he allegedly signed the Articles of Agreement on behalf of W&G, Inc. (Ex. A, Count III, ¶15) The Funds also allege that W&G, Inc. was a dissolved Michigan corporation at the time when Stripp allegedly signed the Articles of Agreement. (Ex. A, Count II, ¶11) The Funds do not allege that Stripp either owed or breached any duty owed to them in connection with the Articles of Agreement into which they admittedly entered with Huron Valley only.

**III.**

### PLAINTIFFS FAIL TO ALLEGE A LEGALLY SUSTAINABLE CAUSE OF ACTION AGAINST STRIPP

In their Second Amended Complaint, the Funds do not seek to "pierce the corporate veil" as a means to hold Stripp personally liable. Instead, they are trying to take advantage of the ambiguous agreement that the Glaziers' Union drafted to create a liability that neither the Glaziers' Union or Huron Valley ever intended. What is clear is that the Glaziers' Union took its form Articles of Agreement and modified it to insert Huron Valley's name. On the other hand, Stripp signed that agreement adjacent to the W& G, Inc. name. That ambiguity begs the question: with whom did the Glaziers' Union intend to enter the Articles of Agreement? There is no reason to believe, and Plaintiffs certainly do not allege, that the Glaziers' Union ever intended to contract with an entity known as "W & G, Inc" or with Stripp, individually.

Indeed, as established through the title of the Articles of Agreement, the pre-execution conversations and the correspondence exchanged between Huron Valley's then-President and the Glaziers Union's representative, Huron Valley's actions in making benefit contributions and hiring and paying Glaziers' Union Members and making contributions to the Funds, it is clear that there are no facts alleged against Stripp that

5

would cause him to be subjected to any personal liability. Nor does the Glaziers Union contend that it intended to enter into a contract with W & G, Inc. or for that matter, W &G, LLC who it claims made payroll payments for Huron Valley.

Other than simply and summarily claiming that Stripp is personally liable "because he signed the union agreement," Plaintiffs allege no cognizable legal theory to sustain a cause of action. Indeed, it generally recognized that an individual will not be liable for a corporation's obligations under ERISA. *Plumber's Pension Fund, Local 130 v. Niedrich*, 891 F.2d 1297, 1299 (7th Cir. 1989)(Court determined that the president and secretary of corporation could not be personally liable absent a piercing of the corporate veil or an alter ego theory). See also, *Motion Picture Laboratory Technicians and Film Editors, Local 780 Pension Fund v. Astro Color Laboratories, Inc.*, 2002 U.S. Dist.Lexis 6788 (N.D.Ill. 2002). Plaintiffs, here, have not alleged a piercing of the corporate veil or an alter ego theory as against Stripp.

In this case, the Funds have maintained the Articles of Agreement that Stripp signed without any allegation that they accepted that he was a party to the Agreement or, even more telling, that they believed W & G, Inc. was a party to the Agreement. Rather, the allegations in the Second Amended Complaint demonstrate that the Funds never questioned that Huron Valley was the contracting entity based upon the pre-execution negotiations, as well as the Parties' conduct after the Articles of Agreement was entered into.

Moreover, the Funds do not allege that Stripp's signature on the Articles of Agreement shows that he voluntarily assumed any liability. To the contrary, the difference in the definition of the parties in the prefatory paragraph of the Articles of Agreement and the name used adjacent to Stripp's signature establish that he did not

6

intend to be personally liable.    Following the guidance of *Niedrich*, absent any

allegations in Count III to establish personal liability on the part of Stripp predicated

upon a recognized legal theory, Count III should be dismissed with prejudice pursuant to

Rule 12(b)(6).

## IV.

## CONCLUSION

For the reasons set forth herein, Stripp respectfully requests that this Court

dismiss Count III of the Second Amended Complaint, with prejudice, and grant other

relief as this Court deems necessary and just.

Respectfully Submitted,

GEORGE STRIPP

By:  /s/ Scott A. Ruksakiati
One of His Attorneys

Scott A. Ruksakiati
VANEK, VICKERS & MASINI, P.C.
Attorneys for Defendants GEORGE STRIPP, individually, and W & G, LLC
111 South Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500