IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No.   07 C 6873 |
| vs. | ) ) | Judge Lefkow |
| HURON VALLEY GLASS COMPANY., L.L.C., a foreign limited liability company, W & G, INC., GEORGE STRIPP, Individually, and W & G, L.L.C., | ) ) ) ) ) | Magistrate Judge Mason |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT GEORGE STRIPP'S MOTION TO DISMISS

NOW COME the Plaintiffs, Trustees of the Glaziers, Architectural Metal and Glass Workers Local Union No. 27 Welfare and Pension Funds, though their attorneys Donald D. Schwartz and Arnold & Kadjan, and pursuant to F.R.C.P. 12(b)(6), responds to Defendant George Stripp's Motion to Dismiss Count III of Plaintiffs' Complaint:

### INTRODUCTION

This is an ERISA collection action against an employer, or employers, signatory to a collective bargaining agreement. Plaintiffs bring this action against the employer and employers' alter ego(s), as well as an individual officer of one of the employers which is dissolved. Plaintiffs' Second Amended Complaint ("Complaint") properly alleges a claim for the collection of ERISA benefits against Huron Valley Glass Company, Inc., as well as W & G, Inc. In turn, the Complaint properly alleges that W & G, LLC, and W & G, Inc., are alter egos of Huron Valley Glass Company, Inc. Furthermore, the Complaint properly alleges that because W

1

& G, Inc., is a dissolved corporation, the liabilities of W & G, Inc. are imposed upon George Stripp, Individually.

Defendant George Stripp fails to address this chain of logic in his Motion to Dismiss. Instead, Stripp argues that W & G, Inc., is not a party to the collective bargaining agreement (CBA) attached to the Complaint, and that there is no theory under which Stripp, as the representative signor of the CBA, can be liable to the Trustees. The following demonstrates how this argument fails.

## STATEMENT of FACTS

Plaintiffs are fiduciaries of employee benefits funds that are established pursuant to collective bargaining agreements entered into between Glaziers Local 27 ("Union") and signatory employers. (Complaint, p. 2.) Huron Valley Glass Company, LLC ("Huron") is a Michigan employer that entered into a collective bargaining relationship with Glaziers Local 27 on or about October 4, 2005. (Complaint, p. 2.) The first page of the CBA references "Huron Valley Glass Company, LLC" as one of the parties. (Complaint, Exhibit 1, p. 1.) The signature page of the CBA, however, lists "W & G, Inc." as the name of the signatory employer. (Complaint, Exhibit 1, p. 21.) The signature line under "W & G, Inc." is signed by "George Stripp." (Complaint, Exhibit 1, p. 21.)

The Complaint pleads that Huron and/or W & G, Inc., are bound to the CBA. (Complaint, Count I, ¶ 8; Count II, ¶ 12.) The CBA was signed on October 4, 2005. (Complaint, Exhibit 1, p. 21.) The Complaint also pleads that Huron is authorized to do business in Michigan and is an employer engaged in an industry affecting commerce. (Complaint, p. 2.) Further, the Complaint pleads that W & G, Inc. is a dissolved Michigan corporation.

(Complaint, p. 4.) As for Stripp, the Complaint pleads that he and someone named Dennis Ahern "control(s)ed the labor relations policy making of both" Huron and W & G, Inc., that both Stripp and Ahern were managers of both Huron and W & G, Inc., and that Stripp and Ahern were owners of both Huron and W & G, Inc. (Complaint, p. 4.) Finally, the Complaint pleads that Stripp "is liable for unpaid benefits for bargaining unit employees on the payroll of Huron and W & G, Inc. because he signed the union agreement [the CBA] when W & G, Inc. was a dissolved corporation." (Complaint, p. 4.)

## ARGUMENT

### I. STANDARD OF REVIEW

The standard on a Motion to Dismiss is that a complaint "must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests'" and then the complaint's "allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, at 1964-65 (2007)).

Plaintiffs' Complaint fully satisfies this standard. It alleges that Huron and/or W & G, Inc. are bound to the CBA, that in any event W & G, Inc. is an alter ego of Huron, that Stripp is an officer of W & G, Inc. and that W & G, Inc. is dissolved, thus giving rise to Stripp's individual liability for W & G, Inc.'s post-dissolution actions.

II.  **THE COMPLAINT PROPERLY PLEADS A CAUSE OF ACTION AGAINST GEORGE STRIPP AS AN OFFICER OF A DISSOLVED CORPORATION WHICH HAD ENGAGED IN BUSINESS OTHER THAN THE WINDING UP OF THE ENTERPRISE EITHER DIRECTLY THROUGH W & G, INC.'S ASSENT TO THE CBA OR THROUGH ITS STATUS AS AN ALTER EGO**

   A.  **W & G, INC. IS CORRECTLY PLEADED AS AN ALTER EGO OF HURON**

An employer may be bound to a collective bargaining agreement by being an alter ego of another employer that is bound to the applicable CBA. The policy behind the alter ego doctrine is to not allow employers to escape their obligations under a CBA merely through a change in the corporate form but not in its substance. The test for whether an employer is an alter ego of another is that announced in the seminal case of *Union v. Broadcast Service of Mobile, Inc.*, 380 U.S. 255, 256 (1965). Under the test, courts consider four factors in determining whether two nominally separate business entities constitute an alter ego: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control. *Id.* 256. The test is often applied in ERISA collection cases. *See, e.g., Moriarty v. Svec*, 164 F.3d 323, 332 (7th Cir. 1998) (applying test in single employer context).

The Complaint properly pleads that W & G, Inc. is an alter ego of Huron. It states that:

> a. George Stripp and Dennis Ahern control(s)ed the labor relations policy making of both companies,
> b. The companies are interrelated and share common employees, equipment, materials and jobs in that W & G, Inc. uses all of the foregoing which previously and/or currently were used by HURON;
> c. The companies share common management including George Stripp and Dennis Ahern, and
> d. on information and belief the companies share common ownership, i.e. George Stripp and Dennis Ahern.

(Compliant, p. 4.) These pleadings speak for themselves.

It is perhaps for this reason that Stripp, in his Motion to Dismiss, does not mention the term "alter ego" even once. He instead devotes his time to insisting that Huron is the only

signatory to the CBA. If anything, this demonstrates that the CBA is ambiguous as to who the real signatory employer is, and so it is premature to warrant dismissal at this point in the proceedings. What his Motion does not discuss is that because of the alter ego doctrine, even if W & G, Inc. is not a signatory to the CBA it is bound to the agreement and therefore liable to Plaintiffs.

Under the pleading standard of Rule 12(b)(6) Plaintiffs have thus properly pleaded that W & G, Inc., is an alter ego of Huron and that therefore the liability that Huron has incurred to Plaintiffs is imputed to W & G, Inc. This becomes relevant in the following.

### B. Whether W & G, Inc. is a Signatory to the CBA or Whether Only Huron is, Plaintiffs Have Properly Pleaded that Stripp is Personally Liable for W & G, Inc.'s Obligations to the Funds Through Pleading that W & G, Inc. is a Dissolved Corporation

29 U.S.C. § 1145 imposes liability against a signatory employer who fails to abide by the terms of a collective bargaining agreement or ERISA plan regarding the payment of benefits. The Section does not, in itself, create individual liability against an officer of an employer. *Chicago Tile Inst. Welfare Fund v. Hermansen*, 1996 WL 131800, *2 (N.D. Ill. 1996, Castillo, J.). However, "An officer who does not make a contractual commitment to a pension or welfare plan still could be personally liable, to the extent he is liable for general corporate debts under state corporation law." *Levit v. Ingersoll Rand Fin. Corp.*, 874 F.2d 1186, 1194. In this case, the relevant state law applying to Stripp is either Illinois law (where the Plaintiffs reside, where the geographic jurisdiction of the CBA is located, and where the work was performed) and Michigan (where Huron and W & G, Inc., reside or resided). The Court need not decide which state's law applies to Stripp's liability, however, because under both state's law the officer of a dissolved corporation is held liable for the liabilities that the dissolved corporation incurs after the date of dissolution.

      **1.**      **In Illinois, the Officer of a Corporation that Continues to Carry on the Business of the Corporation After it is Dissolved is Personally Liable for Liabilities Incurred After Dissolution, Including Liabilities Incurred for ERISA Benefits**

In *Hermansen*, Michael Hermansen, the sole stockholder, director, and officer of a corporation, MCH, signed a CBA on behalf of MCH. *Hermansen, supra*, at *2. Some time after the date MCH agreed to the CBA, the Illinois Secretary of State dissolved the corporation pursuant to Illinois law for failing to file its annual reports. *Id.* Approximately two years later MCH reinstated its corporate status. *Id.* During those two years, however, the corporation incurred over forty thousand dollars in liabilities to the Union funds. The funds brought suit against Hermansen, individually, for the period of time during which MCH was dissolved.

The court found Hermansen personally liable. Under Illinois law "'[a]ll persons who assume to exercise corporate powers without authority . . . [are] jointly and severally liable for all debts and liability incurred or arising as a result thereof.'" *Id.* (quoting 805 ILCS § 5/3.20). Further:

> The directors of a corporation that carries on its business after the filing by the Secretary of State of articles of dissolution, otherwise than so far as may be necessary for the winding up therefore, shall be jointly and severally liable to the creditors of such corporation for all debts and liabilities of the corporation incurred in so carrying on its business.

*Id.* at *3 (quoting 805 ILCS § 5/8.65(3)). Because Hermansen knew or should have known of the dissolution, and because he was an officer of the corporation, the court found him liable for the amount owed in post-dissolution benefits. *Id.* at*4 ("As a matter of law, Hermansen, as sole shareholder, director and officer should have known that MCH had been dissolved. Since Hermansen carried on the business of MCH after he should have known that it had been administratively dissolved, he is personally liable for those amounts which should have been paid to the Funds during the period of dissolution.").

Another case on point regarding a dissolved Illinois corporation and ERISA obligations pursuant to a collective bargaining agreement is *Bricklayers Local 74 Fringe Benefit Funds v. Vorkapic*, 2002 WL 596357 (N.D. Ill. 2002, Grady, J.). There, as in *Hermansen*, the individual defendant signed a CBA on behalf of a corporation and thereafter the corporation was dissolved. *Id.* at *1. The court held that the individual was liable to the Plaintiff ERISA Funds for the period of time that the corporation had been dissolved, even though the corporation was later properly reinstated. Significantly for the instant case, just as with Stripp, *Vorkapic* was in the context of the employer's 12(b)(6) Motion to Dismiss on behalf of the individual defendant. The court found that the Plaintiffs properly plead individual liability for post-dissolution obligations.

2.  **The Same Rule Applies to Principals of Michigan Corporations After They are Dissolved**

The same rules apply under Michigan law. In *Michigan Laborers' Health Care Fund v. Taddie Construction, Inc.*, 119 F. Supp. 2d 698 (E.D. Mich. 2000), the president of Taddie Construction signed a CBA. *Id.* at 700. The corporation was thereafter dissolved. *Id.* at 701. The Plaintiff funds claimed liability against the corporate president for the benefits owed after the date of dissolution.

The court agreed. It stated, "Michigan law requires . . . that officers of a corporation that is automatically dissolved carry on no business except for the purposes of winding up affairs. It follows that, after automatic dissolution, corporate officers who carry on business that is not related to the winding up of corporate affairs 'are individually liable, even though the business was conducted in the corporate name.'" *Id.* at 702 (quoting 19 Am. Jur. 2d *Corporations* § 2887 (1986)). Because the president continued to operate the corporation after dissolution, and continued to incur debts to the ERISA funds, the president was personally liable to the funds for "those debts incurred to the Funds after the dissolution." *Id.* at 702-03.

## CONCLUSION

Therefore, whether Illinois or Michigan law applies to the dissolution of W & G, Inc. vis-à-vis the Plaintiffs, the Plaintiffs have successfully pleaded a cause of action against Stripp for liabilities incurred by W & G, Inc. The Complaint pleads that Stripp is an officer and an owner of W & G, Inc. and that he signed the CBA between the Union and W & G, Inc. and/or Huron. The Complaint also pleads that W & G, Inc. is a dissolved corporation. Further, as detailed above, the Complaint pleads that W & G, Inc. is an alter ego of Huron. Therefore, the Complaint pleads both of the following: (1) that Huron is signatory to the CBA with the Union, that W & G, Inc. is the alter ego of Huron and therefore is imputed with Huron's liabilities, and that W & G, Inc. is a dissolved corporation and therefore officer Stripp is imputed with W & G, Inc.'s liabilities, including the liabilities incurred through being an alter ego of Huron; and (2) that W & G, Inc. is a signatory to the CBA and that officer Stripp is imputed with W & G, Inc.'s liabilities. In either scenario the Complaint properly pleads a cause of action against Stripp for benefits owed to the Plaintiffs.

**WHEREFORE,**

This Court should deny Defendant George Stripp's Motion to Dismiss.

TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS,

By: /s/ Donald D. Schwartz
One of Their Attorneys

DONALD D. SCHWARTZ
ARNOLD AND KADJAN
19 West Jackson Boulevard
Chicago, Illinois 60604
(312) 236-0415

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2008, a copy of the foregoing Plaintiff's Response to Defendant George Stripp's Motion to Dismiss was filed electronically. Notice of this filing will be sent to the following parties by U.S. Mail, first class, postage prepaid. Parties may access this filing through the Court's system.

Mr. Richard Chapman
Clark Hill PLC
150 North Michigan Ave., 24th Floor
Chicago, IL 60601

Mr. Edward L. Filer
Clark Hill PLC
150 North Michigan Ave., 24th Floor
Chicago, IL 60601

By: s/Donald D. Schwartz
    Donald D. Schwartz,
    Attorney for Plaintiffs