IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS,<br><br>Plaintiffs<br><br>v.<br><br>HURON VALLEY GLASS COMPANY, L.L.C., a foreign limited liability company, W & G, INC., GEORGE STRIPP, individually, and W & G, LLC,<br><br>Defendants. | No. 07 C 6873<br><br>Judge Joan Humphrey Lefkow<br><br>Magistrate Judge Mason |

## REPLY MEMORANDUM OF DEFENDANT GEORGE STRIPP IN SUPPORT OF HIS RULE 12(b)(6) MOTION TO DISMISS

NOW COMES Defendant, George Stripp, individually, by his attorneys, and submits the following Reply Memorandum in Support of his Rule 12(b)(6) Motion to Dismiss Count III of Plaintiffs' Second Amended Complaint (Dkt. 47).

### I.

### INTRODUCTION

Accepting the truth of the allegations of the Funds' Second Amended Complaint for the purposes of Stripp's Motion only, the Funds have pled facts showing that they negotiated and entered into a collective bargaining agreement with defendant Huron Valley Glass as an "employer" subject to ERISA liability. They further allege that defendant, W & G, LLC—a separate existing limited liability company—should be liable under an "alter ego" theory as an "employer" because it "pays payroll for employees on jobs contracted by Huron." (Second Amended Complaint, Count IV, ¶12.e.) The Funds

also allege that W&G, Inc. is liable since it is the alter ego of Huron Valley. (Second Amended Complaint, Count II, ¶13) As pointed out in the opening Motion, the Funds do not allege that Stripp, individually, is the alter ego of anyone, including Huron Valley.

Instead, the Funds allege that Stripp is personally liable because he signed the subject agreement purportedly on behalf of W&G, Inc. In support of this position, the Funds argue that Stripp is liable under the Illinois Business Corporation Act (the "Act") since he signed on behalf of a dissolved entity – W&G, Inc. However, the decisional authority upon which the Funds rely is inapposite.

Moreover, even if the Funds pled that Stripp was the alter ego of Huron Valley (which Stripp denies), they would still be required to plead and establish that Stripp or W&G, Inc. possessed unlawful motive or intent. Yet, in their Response Brief, the Funds do not suggest that Stripp did anything wrong that caused them any harm. Nor do they suggest that the entity that the Funds alleged was dissolved—W&G, Inc.—did anything wrong. Because the Funds cannot allege that the previously dissolved W&G, Inc. had an unlawful motive or intent and cannot show that there is any basis to treat Stripp as an ERISA "employer," they cannot establish that W&G, Inc. was Huron Valley's alter ego. The absence of an alter ego relationship is important in analyzing whether Stripp may be individually liable because the Act applies only if the dissolved entity for which Stripp purportedly continued to do business was, itself, obligated to the Funds. Since the pleadings do not establish an alter ego relationship between Huron Valley and W&G, Inc., the Act does not, and cannot, apply. Instead, the general rule that an individual is not liable for a corporation's obligations governs this case. Therefore, this Court should dismiss Count III of the Second Amended Complaint.

## II.

### LAW AND ARGUMENT

**THE FUNDS FAIL TO PLEAD A COGNIZABLE CAUSE OF ACTION TO SUSTAIN PERSONAL LIABILITY AGAINST STRIPP**

As discussed in the opening Motion, the general rule is that an individual will not be liable for a corporation's obligations under ERISA absent a piercing of the corporate veil or under an alter ego theory. *Plumber's Pension Fund, Local 310 v. Niedrich*, 891 F.2d 1297, 1299 (7th Cir. 1989). The Funds fail to give *Niedrich* any treatment whatsoever and do not, rightfully so, argue that Stripp has somehow misconstrued the general rule regarding individual liability. Rather, the Funds, for some reason, assert that Stripp ignored the alter ego issue. (Response, p. 4) As the Motion plainly reflects, Stripp addressed the issue inasmuch as he points out that no alter ego theory was alleged against Stripp, individually. The Funds briefly discuss the alter ego issue in their Response Brief at pages 4 and 5 and, instead, focus their argument on Stripp's purported personal liability based upon the Act.

To support their argument that the Act applies, the Funds rely heavily on *Chicago Tile Institute Welfare Fund v. Hermansen*, 1996 U.S.Dist.Lexis 3355 (N.D.Ill. 1996) and *Board of Trustees of the Bricklayers Local v. Vorkapic, Inc.*, 2002 U.S.Dist.Lexis 6790 (N.D.Ill. 2002). However, the Funds' reliance on *Hermansen* and *Vorkapic* is misplaced.

In *Hermansen*, Michael Hermansen, the sole director, shareholder and officer executed two labor agreements on behalf of MCH, an Illinois corporation. However, at the time the second agreement was executed, MCH had been dissolved by the Illinois Secretary of State. *Hermansen*, 1996 U.S.Dist.Lexis 3355, *2-3. Hermansen did not dispute that he continued to do business as MCH after its dissolution, though he claimed he did not have actual notice that the corporation had been dissolved. *Id.* at *3-4. Further,

3

there was no factual dispute that the parties intended and understood that MCH was a contracting party nor was there a dispute that MCH was later reinstated as a corporation. *Id.* at *3. The Funds argued that Hermansen was personally liable for the amounts owed to them (which amounts were uncontested) under the Act since he carried on the business of MCH after it was dissolved. The Court agreed with the Funds and granted their motion for summary judgment. *Id.* at 11-12.

The Funds, here, incorrectly argue that Stripp's conduct should be equated with Hermansen's conduct, warranting the application of the Act and resulting in Stripp's personal liability. To the contrary, *Hermansen* is inapposite.

Unlike *Hermansen*, the dissolved corporation for which Stripp purportedly signed the agreement was not a direct, contracting party. Indeed, the Funds acknowledge that the liability of the W&G, Inc., the dissolved corporation, is predicated upon an alter ego theory. (Response, pp. 4-5) Therefore, in order for Stripp to be liable personally under the Act (like the defendant in *Hermansen*), the entity for which he allegedly continued to do business must first be liable to the Funds as an alter ego[1]. This intermediate step – whether W&G, Inc. is an alter ego of Huron Valley – is one that is conspicuously absent in *Hermansen*, but is significant in the present case since it involves a separate analysis that Judge Castillo was not presented. The critical intermediate step in the analysis in the present case is similarly absent from *Vorkapic*. As a result, *Vorkapic*, like *Hermansen*, is inapposite.

As the Seventh Circuit has noted in *Central States Central Transport*, 85 F.3d 1282, 1288 (7th Cir. 1996), imposition of alter ego liability requires far more than specifying relationships among entities or persons:

---

[1] This is true whether Illinois or Michigan law applies.

4

> Essential to the application of the alter-ego doctrine is a finding of a disguised continuance of a former business entity or an attempt to avoid the obligations of a collective bargaining agreement, such as a sham transfer of assets. In sum, <u>unlawful motive or intent are critical inquiries</u> in an alter-ego analysis (citations omitted)(emphasis added).

The Funds fail to allege an unlawful motive or intent anywhere in the Second Amended Complaint to support an alter-ego theory. There is no claim that defendant Huron Valley is attempting to evade obligations under a collective bargaining agreement, or that it transferred its assets in a fraudulent or "sham" way. Similarly, there are no such allegations against defendant, W & G, LLC. More importantly, there are no such allegations that W&G, Inc. or that Stripp, himself, had any fraudulent intent or improper motive. The Funds do not allege that either W&G, Inc. or Stripp did anything wrong or unlawful. Indeed, there is no doubt that from the first moment the Funds knew, as did the Glaziers' Union, that the party with whom they were dealing was Huron Valley. They did not rely upon the existence of W & G, Inc. nor Stripp as being the parties to their collective bargaining agreement. Absent the requisite allegations regarding motive or intent, Plaintiffs cannot establish that W&G, Inc. is the alter ego of Huron Valley. Without this critical element in the analysis, this Court, unlike the Court in *Hermansen*, never reaches the issue of the application of the Act to Stripp. As a result, the general rule recognized in *Niedrich* applies, meaning that Stripp cannot be individually liable to the Funds.

As an aside, the Funds suggest that the entity known as W&G, Inc. was dissolved before Stripp allegedly signed the collective bargaining agreement. However, as a preliminary matter, how could a non-existent entity (W&G, Inc.) be the alter-ego of any other corporation (e.g, Huron Valley)? Similarly, how could Stripp be liable individually for the acts of an entity which did not exist? The answer is that no liability could exist.

Instead, what the Funds fail to acknowledge despite their allegations in the Second Amended Complaint is that the Glaziers' Union entered into an agreement with Huron Valley, intended to enter into that agreement and, as alleged at this time, Huron Valley acted as the party with whom the Glaziers' Union entered into the CBA.

### III.

### CONCLUSION

For the reasons set forth herein and in the opening Motion, this Court should dismiss Count III of the Second Amended Complaint, with prejudice, and grant other relief as this Court deems necessary and just.

Respectfully Submitted,

GEORGE STRIPP

By: /s/ Scott A. Ruksakiati
One of His Attorneys

Scott A. Ruksakiati
VANEK, VICKERS & MASINI, P.C.
Attorney for Defendant GEORGE STRIPP, individually and W & G, LLC
111 South Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500